UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE (S.E.S.) an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC.; CHOICE HOTELS INTERNATIONAL SERVICES CORP.; AND PHILLIP HALL PROPERTIES, L.L.C. d/b/a QUALITY INN<br><br>*Defendants.* | CIVIL ACTION NO. 8:24-cv-03776-DKC |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
ANONYMOUSLY UNDER A PSEUDONYM**

**I.   Introduction**

Plaintiff in this action, by and through her attorney, respectfully asks the Court to grant leave to proceed anonymously under a pseudonym. Jane Doe (S.E.S.) is a survivor of sex trafficking. The trauma that Jane Doe (S.E.S.) experienced because of Defendants' acts caused harm that affects Jane Doe (S.E.S.) every day and will continue to affect her for the rest of her life. Jane Doe (S.E.S.)'s trafficker has harmed her before. Jane Doe (S.E.S.)'s only sense of security is that her trafficker does not know her legal name. Use of a pseudonym and appropriate protections for her identity are necessary to ensure that Jane Doe (S.E.S.) can pursue her legal rights without the risk of undue harm to her person, family, and the life she is trying to reclaim. Jane Doe (S.E.S.) hereby seeks to proceed anonymously under a pseudonym as allowed by Local Rule 105.11.

## II. Background

Recognizing both the unthinkable harm caused by sex trafficking and the role of businesses in facilitating it, the Trafficking Victims Protection Act created a civil remedy against businesses that engage in the trafficking of persons or who intentionally or knowingly benefit from participating in a venture that traffics another person, creating both direct liability for those who engage in the trafficking of persons, as well as beneficiary liability for those who knowingly (including constructively) benefit from participating in a venture that traffics another person. Victims who escape and then speak out against trafficking live in fear of their former captors. Threats, intimidation, and violence are an integral part of the trafficking business model, and traffickers often go to significant lengths to instill fear in survivors to deter them from pursuing available legal remedies.

Jane Doe (S.E.S.) asks the Court to enter an order authorizing her to proceed anonymously under a pseudonym in this litigation, to permit the filing of all unredacted personally identifying documents under seal, and to require redaction of any identifying information filed in Court by any party or third-party to this action. Alternatively, should the Court not be inclined to grant this motion, Plaintiff respectfully requests the opportunity to amend her complaint, with the amendment relating back to the date of original filing.

## III. Plaintiff's Request to Proceed Anonymously Under a Pseudonym Should be Granted

Rule 10 of the Federal Rules of Civil Procedure that provides that every Complaint must include a title that names all of the parties, is subject to certain exceptional circumstances, such as those applicable here, where, *inter alia*, compelling concerns relating to personal privacy or confidentiality warrant some degree of anonymity in judicial proceedings.

The Fourth Circuit permits parties to utilize pseudonyms in certain "exceptional"

circumstances in order to protect those who appear in federal court. *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023). In deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the court will consider five non-exhaustive factors including: 1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature," 2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties," 3) "the ages of the persons whose privacy interests are sought to be protected," 4) "whether the action is against a governmental or private party," and 5) "relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993). Furthermore, this Court's Local Rule 105.11 allows the sealing of "pleadings, motions, exhibits or other papers" when a party presents both a) proposed reasons supported by specific factual representations to justify the sealing and b) an explanation why alternatives to sealing would not provide sufficient protection.

Maryland Federal Courts have been liberal in permitting parties to proceed anonymously under a pseudonym in cases involving allegations of sexual assault and harassment. In *Doe v. Anne Arundel Cnty.,* No. 1:23-CV-03451-JRR, 2024 WL 2053719 (D. Md. May 8, 2024), the court permitted a plaintiff to proceed anonymously under a pseudonym in a case alleging she was sexually assaulted and harassed. Likewise, the court also granted a plaintiff permission to continue anonymously under a pseudonym in a case alleging sexual misconduct at her workplace by other coworkers. *See E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337 (D. Md. Oct. 15, 2023).

Further, in a recent case concerning plaintiff anonymity in cases involving the same

statutes and claims Jane Doe (S.E.S.) brings here, the District Court of Maryland has granted those plaintiffs the right to proceed anonymously under a pseudonym (subject to the parties filing a Motion for Protective Order at a later date). *See Jane Doe (A.E.W.) v. Choice Hotels International, et. al.*, Case 8:24-cv-03769-TDC, Dkt. 27, ¶ 1 (D. M.D. March 4, 2025).

### 1. This litigation involves matters of highly sensitive information and risk of harm to the Plaintiff.

Jane Doe (S.E.S.) is a sex-trafficking survivor. Her trafficker controlled her through force and coercion and made her engage in commercial sex acts for his financial benefit. Jane Doe (S.E.S.) has a legitimate and reasonable fear of stigma within her community if her identifying information is linked to this lawsuit. Moreover, Jane Doe (S.E.S.) has a reasonable fear of harm from her trafficker or his associates if her identity is not protected.

Courts in Maryland and elsewhere in the Fourth Circuit have found that allegations involving sexual misconduct satisfy this factor. *Anne Arundel Cnty.,* 2024 WL 2053719, at *2 (stating that the nature of sexual assault allegations are extremely sensitive and highly personal); *see also E.E.O.C.,* 2013 WL 5634337, at *3 (concluding that the intervening plaintiff "will remain anonymous in the pleadings, motions, docket entries, and all written materials filed in this case" where she "seeks to preserve her privacy in a highly sensitive and personal matter involving sexual assault"); and *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (explaining that "[l]ike sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule").

### 2. Identification poses risks to Plaintiff.

The second *James* factor also weighs in favor of Plaintiff, namely "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed

anonymously]…" as well as "whether identification presents a risk to other non-parties." *Doe*, 85 F.4th at 211. This lawsuit exposes Jane Doe (S.E.S.) to a risk of retaliation. The threat of retaliation from sex traffickers is a well-known problem. *See A.D. v. Wyndham Hotels & Resorts, Inc.,* CaseNo. 4:19CV120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020) ("The risk of Plaintiff's trafficker locating and harming her is very real."). Risk of reprisal is not an occasional occurrence in sex trafficking - it is essential to the model. Traffickers may continue to intimidate victims from seeking justice directly or indirectly through previous threats or third parties, and the use of fear, intimation, and retribution may be ongoing. The violence, coercion, manipulation, and threats that traffickers use while trafficking a victim make the victim's fear of subsequent retaliation imminently reasonable.

The abuse that Jane Doe (S.E.S.) endured while under the control of her trafficker demonstrates that he is a dangerous individual capable of inflicting additional substantial harm. Jane Doe (S.E.S.) has an interest in protecting herself and her loved ones from the risk of retaliation from her trafficker and those connected to him. Plaintiff should not be compelled to disclose her identity in order to maintain her privacy and safety.

### 3. Plaintiff was a minor at the time she was trafficked.

While she is an adult as of this filing, Jane Doe (S.E.S.) was a minor at the time she was trafficked. Therefore, this factor weighs in favor of protecting her identity, or at the least is of a neutral weight in this test.

### 4. Plaintiff is suing private parties; therefore the fourth factor does not weigh in her favor.

Because all parties to this case are private individuals or entities, the fourth *James* factor does not weigh in her favor.

### 5. The Defendants are not prejudiced by allowing Plaintiff to proceed anonymously under a pseudonym.

The fifth *James* factor weighs in favor of allowing the Plaintiff to proceed anonymously under a pseudonym because the Defendants will not experience any unfairness or prejudice as a result of protecting Plaintiff's name from public disclosure. Plaintiff is not seeking to withhold her identity from the Court or defense counsel, and therefore, Defendant's ability to investigate and defend against Plaintiff's claims will not be prejudiced. Plaintiff simply seeks redaction of Plaintiff's personally identifying information from the public docket and assurances that Defendants will not use or publish Plaintiff's identity in a manner that will compromise her safety, personal life or future employment prospects. Because Defendants are fully capable of investigating and responding to Plaintiff's allegations, they are not prejudiced by her request to proceed anonymously under a pseudonym. *E.E.O.C.,* 2013 WL 5634337, at *3; *Anne Arundel Cnty.,* 2024 WL 2053719, at *4.

### IV. Conclusion

Plaintiff has set forth reasons supported by specific factual representations to justify sealing her name and allowing her to proceed anonymously under a pseudonym in this case, and has explained why alternatives to sealing would not provide sufficient protection as required by Local Rule 105.11.

Plaintiff therefore requests that the Court allow her to proceed under anonymously under a pseudonym and to seal related personally identifying information.

Alternatively, Plaintiff respectfully requests leave to amend the complaint with the amendment relating back to the date of original filing.

Dated: April 15, 2025                    Respectfully submitted,

**JENNER LAW, P.C.**

*/s/ Robert Jenner*
Robert K. Jenner (Fed Bar No. 04165)
Kathleen R. Kerner (Bar No. 18955)
Elisha N. Hawk (Bar No. 29169)
Joshua Wolberg (Bar No. 31283)
3600 Clipper Mill Road, Suite 240
Baltimore, Maryland 21211
Phone: (410) 413-2155
Fax: (410) 982-0122
rjenner@jennerlawfirm.com

and

*/s/ David Harris*
**SICO HOELSCHER HARRIS, LLP**
David E. Harris, *pro hac vice*
Meagan Hassan (Bar No. 19406)
819 N. Upper Broadway
Corpus Christi, Texas 78401
(361) 653-3300
(361) 653-3333 Facsimile
*dharris@shhlaw.com*
*mhassan@shhlaw.com*

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I, Robert Jenner, hereby certify that on this 15th day of April 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic filing to all parties and or counsel of record in this action.

*/s/ Robert Jenner*
Robert Jenner