**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE, aka S.E.S.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:25-cv-496-TFM-MU** |
| | ) | |
| **CHOICE HOTELS INTERNATIONAL, INC., *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are *Choice Hotels International, Inc., and Choice Hotels International Services Corps.'s Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 60, filed 2/6/26) and *Defendant Meenal, LLC d/b/a Quality Inn & Suites Mobile's Motion to Dismiss and Brief in Support* (Doc. 69, filed 6/19/26). Plaintiff filed her responses and Defendants filed their replies. Docs. 62, 63, 72, 73. For the reasons detailed below, the motions to dismiss (Docs. 60, 69) are **GRANTED in part and DENIED in part**.

## I. JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district.

This case was transferred into this jurisdiction from another district. The Court finds adequate support for both jurisdiction and venue.

## II. BACKGROUND

This case arises out of the sex trafficking of Jane Doe, also referred to in the complaint as

S.E.S. ("Plaintiff"). Plaintiff brings three claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. First, Plaintiff brings a claim for perpetrator liability under 18 U.S.C. § 1595(a) against Meenal, LLC ("Franchisee Defendant"). Second, Plaintiff brings a claim for beneficiary liability under § 1595(a) against Franchisee Defendant, Choice Hotels International, Inc. and Choice Hotels International Services Corporation ("Franchisor Defendants"). Third, Plaintiff brings a claim for vicarious liability for TVPRA violations against Franchisor Defendants.

Plaintiff filed her original complaint on December 30, 2024 in United States District Court for the Southern District of Maryland. *See* Doc. 1. Franchisor Defendants filed a motion to dismiss, or in the alternative, motion to transfer the venue to this Court. Doc. 13. In response, Plaintiff filed an amended complaint. Doc. 14. Franchisor Defendants again filed a motion to dismiss or to transfer venue. Doc. 18. On April 28, 2025, Plaintiff filed a motion for leave to file a second amended complaint.[1] Doc. 23. On November 25, 2025, the Court in the Southern District of Maryland granted the motion to transfer venue and transferred the case to this Court. *See* Docs. 33, 34. This Court granted Plaintiff's pending motion to file a second amended complaint which is now the operative complaint. *See* Doc. 51, 57.

On February 6, 2026, Franchisor Defendants filed their motion to dismiss the second amended complaint. Doc. 60. Plaintiff filed a response and Franchisor Defendants filed a reply. Docs. 62, 63. On June 19, 2026, after a brief extension granted by the Court, Franchisee Defendant filed its motion to dismiss. Doc. 69. Plaintiff filed a response and Franchisee Defendant filed a reply. Docs. 72, 73. Both motions are fully briefed and ripe for review, and the Court finds oral

---

[1] The primary reason for Plaintiff's motion was to correct the name of one of the Defendants. Plaintiff originally mistakenly named Phillip Hall Properties, LLC as the franchisor defendant, rather than Meenal, LLC. *See* Doc. 23-1.

arguments unnecessary.

Plaintiff asserts that, beginning in 2013 when she was 16 years old, she was forced to engage in commercial sex acts numerous times a day by her trafficker who would "drug her up and physically and/or mentally abuse her." Doc. 57 at 7. Plaintiff was trafficked from July 2013 through June 2015, and that her trafficker engaged in a pattern of control and intimidating and threatening behavior that caused her to believe she would face serious harm or physical restraint if she did not comply with her trafficker's ongoing demand that she engage in commercial sex for their financial benefit. *Id.* at 7-8. She was not allowed to keep the money she made. *Id.* at 8.

Plaintiff asserts that the hotel rooms in which she was trafficked were frequently paid for with cash or prepaid cards. She states that she and her trafficker would stay for multiple days at a time and kept housekeeping away with the "Do Not Disturb" door hanger, and that housekeeping was prevented from entering the room for regular services. She further asserts that her trafficker was present with her at check in and would linger around the hotel while she was with a john, and that she gave hotel management or employees "hush" money not to report her. She also states there was heavy foot traffic in and out of her room involving men who were not hotel guests, and that hotel management or employees spoke with her and her trafficker about it. She further asserts that there were several obvious signs of trafficking including well known "red flags." In her second amended complaint, she also asserts that law enforcement activity and online reviews indicated that sex trafficking was occurring at the subject hotel.

Plaintiff states that at various times between July 2013 and June 2015, she was trafficked at the Quality Inn at 150 I-65 Service Rd N, Mobile, AL 36608 ("Quality Inn"). *Id.* Franchisee Defendant runs the Quality Inn as a franchise owner. Franchisor Defendants are the franchisors of the hotel. Plaintiff asserts that both the Franchisee Defendant and Franchisor Defendants

owned, operated, controlled, and/or managed the Quality Inn at all relevant times. *Id.* at 4-5.

## III. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556."). Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 555,) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed

material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## IV. DISCUSSION AND ANALYSIS

All Defendants argue that Plaintiff's claims asserted against them are due to be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court addresses each motion in turn.

### A. Franchisor Defendants' Motion to Dismiss

#### i. The Court should consider the Exemplar Franchise Agreement on the merits

First, Franchisor Defendants argue that the Court should consider the Exemplar Franchise Agreement on the merits. *See* Doc. 60-1 at 3-5. Franchisor Defendants do not, however, present any argument as to what language in the Exemplar Franchise Agreement is contradictory to Plaintiff's assertions. Rather, they make blanket statements such as "the Court can and should consider the exemplar Franchise Agreement, rather than Plaintiff's self-serving and inaccurate conclusory characterizations of the contract." *Id.* at 4. Franchisor Defendants do not make a single reference to a specific allegation by Plaintiff or to any specific language in the Exemplar Franchise Agreement which causes Plaintiff's claims to fail. The Court will not make their arguments for them. Thus, the Court finds that Plaintiff's claims are not due to be dismissed under this argument.

**ii. Count II is foreclosed by Circuit Precedent because the Eleventh Circuit has rejected Plaintiff's theory of "participation in a venture"**

Next, Franchisor Defendants argue that Count II, Plaintiff's "participant" claim brought under the TVPRA, is due to be dismissed because the Eleventh Circuit has rejected her theory of "participation in a venture." *Id.* at 7. Franchisor Defendants cite to two Eleventh Circuit cases, *Red Roof* and *Riti* in making this argument. *See Doe v. Red Roof Inns, Inc.*, 21 F.4th 724 (11th Cir. 2021); *K.H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, 2024 U.S. App. LEXIS 3127 (11th Cir. Feb. 9, 2024). Like this case, both cases were at the motion to dismiss stage.

The "participation in a venture" element of a beneficiary claim "requires a showing that a defendant 'took part in a common undertaking or enterprise involving risk and potential profit.'" *A.G. v. Northbrook Indus.*, 171 F.4th 1257, 1268 (11th Cir. 2026) (quoting *Red Roof*, 21 F.4th at 725). The Eleventh Circuit has clarified that "franchisors financially benefitting from renting rooms to sex traffickers alone does not amount to 'participation in a venture.'" *Id.* at 1269 (citing *Red Roof*, 21 F.4th at 727). Whether a hotel operator or a franchisor, "merely renting a hotel room to a trafficker with actual or constructive knowledge of his trafficking does not constitute 'participation in venture' as defined by *Red Roof*." *Id.* The Eleventh Circuit thus requires "something more than engaging in an ordinary buyer-seller transaction[.]". *Id.* (quoting *Doe v. Apple Inc.*, 96 F.4th 403, 415 (D.C. Cir. 2024)). The Eleventh Circuit has further noted that the "something more" is a fact-specific inquiry that courts must engage in when evaluating such claims. *See id.* (noting that "something more" may include offering personalized support to a sex trafficker).

In *A.G. v. Northbrook Industries*, the Eleventh Circuit held that various evidence indicating the hotel's "friendliness" toward sex trafficking, including: the combination of online advertisements for commercial sex with minors at the hotel; the hotel's failure to follow police's

recommendation to hire more security and failure to hotel post an anti-trafficking notice in its lobby; the victims findings "customers" in the parking lot, loitering in the common areas, purchasing condoms from the hotel convenience store; two occasions where groups of men argued with the victims from the hallway and banged on their hotel room door, combined with the victims' testimony that "[t]he traffickers would spend 15-20 minutes talking with hotel staff per day" and that one night, the trafficker persuaded a hotel employee over the phone to allow the victims back into their room they were locked out of, amount to "something more" which a jury could find amounted to participation in a venture within the meaning of the TVPRA. On the other hand, in *Red Roof*, the court found that allegations that defendants franchisors financially benefitted from renting rooms to traffickers, along with allegations that franchisors "investigated the individual hotels[,] [. . .] read online reviews mentioning prostitution and crime occurring generally at the hotels, and controlled the training of managers and employees who were allegedly involved in facilitating sex trafficking at the hotels" were insufficient to state a claim for beneficiary liability under the TVPRA. *Red Roof*, 21 F.4th at 726-27. Similarly, in *Riti*, the court found the plaintiff's allegations insufficient to state a beneficiary claim where she alleged that defendant knew or should have known sex trafficking was occurring at its hotel based on online reviews, police reports, and visible indicators, yet continued to engage in a hotel business relationship with and collect room rental revenue from the trafficker for four years. *Riti*, 2024 WL 505063, 2024 U.S. App. LEXIS 31227, at *7-8.

Similar to the plaintiffs in *Red Roof* and *Riti*, Plaintiff's second amended complaint alleges that Franchisor Defendants "participated in a venture" because they received profits from renting rooms out to Plaintiff's trafficker, and because due to online reviews, observations, information from law enforcement, and trainings they knew or should have known sex trafficking was

occurring in their hotel. However, the Eleventh Circuit has been clear that these allegations are insufficient to state a claim for beneficiary liability.

Much of the case law that Plaintiff relies on in her arguments comes from outside of this Circuit. This Court recognizes that other courts have held differently. *See, e.g.*, *G.G. v. Salesforce.com*, 76 F.4th 544 (7th Cir. 2023) ("To survive a motion to dismiss, all that is necessary is for a plaintiff to allege such a 'continuous business relationship,' which gives rise to an inference [. . .] that the civil defendant facilitated the venture's success."); *see also M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 971 ("Plaintiff has alleged sufficient facts to show Defendants 'participated in a venture' under § 1595 by alleging that Defendants rented rooms to people it knew or should have known were engaged in sex trafficking.")[2]

This Court, however, is bound by the Eleventh Circuit decisions. The facts alleged in this case are nearly identical to those in *Red Roof* and *Riti*. Thus, the Court finds that Plaintiff's beneficiary liability claim (Count II) against Franchisor Defendants fails, as Plaintiff has failed to allege "participation in a venture" sufficient to establish beneficiary liability under § 1595 of the TVPRA.

Because the Court finds that Plaintiff failed to plead "participation in a venture" as to Franchisor Defendants and Count II therefore is due to be dismissed against them, the Court does not address Franchisor Defendants other arguments in favor of dismissal of Count II.

**iii. Plaintiff failed to plead a vicarious liability claim under the TVPRA**

Next, Franchisor Defendants argue that Count III is due to be dismissed because Plaintiff failed to plausibly plead facts to support the vicarious liability claim. Franchisor Defendants make

[2] Given the Circuit split, it seems that this conflict will ultimately need resolution in the United States Supreme Court or if the Eleventh Circuit issues an en banc opinion reversing its current legal position.

three arguments under this theory. First, they argue that the TVPRA does not recognize vicarious liability claims. Second, they argue the Second Amended Complaint fails to plead that Franchisee is liable under the TVPRA. Third, they argue the Second Amended Complaint fails to allege an agency relationship between Franchisor Defendants and Franchisee Defendant.

As to Franchisor Defendants' first argument, several other courts have entertained TVPRA vicarious liability claims. *See, e.g.*, *Doe v. Wyndham Hotels & Resorts, Inc.*, Civ. Act. No. 6:26-cv-57-GAP-RMN, 2026 U.S. Dist. LEXIS 126657, at *3 n.1 (M.D. Fla. June 8, 2026) (noting that a prior court ruled plaintiff plausibly alleged a TVPRA vicarious liability claim and dismissing on other grounds); *Weiner v. Wyndham Hotels & Resorts, Inc.*, Civ. Act. No.2:25-cv-120-JES-DNF, 2026 WL 120224, 2026 U.S. Dist. LEXIS 8682, at *15-16 (M.D. Fla. Jan. 16, 2026) (holding that franchise relationships can support TVPRA vicarious liability claims at the pleading stage and denying the motion to dismiss). This Court agrees with its sister courts that the TVPRA permits vicarious liability claims, thus the motion is not due to be granted on this ground.

Franchisor Defendants also argue that Plaintiff's vicarious liability claim fails because she fails to plausibly plead that Franchisee is liable under the TVPRA. As outlined below in section B, the Court finds that Plaintiff has sufficiently pled that Franchisee is liable under the TVPRA for both a perpetrator claim and the beneficiary claim. Accordingly, the motion to dismiss is not due to be granted on this ground.

Third, Franchisor Defendants argue that the Second Amended Complaint fails to allege an agency relationship between Franchisor Defendants and Franchisee Defendant. The Court disagrees. At this early pleading stage, allegations of a franchise relationship are sufficient to support a vicarious liability claim. *See Weiner*, 2026 WL 120224, 2026 U.S. Dist. LEXIS 8682,

at *15-16. Plaintiff has alleged a franchise relationship between Franchisor Defendants and Franchisee Defendant. Thus, Plaintiff has plausibly alleged agency at this early stage.

Accordingly, Franchisor Defendants' motion to dismiss is due to be denied as to Plaintiff's vicarious liability claim (Count III).

**iv. The Second Amended Complaint remains a shotgun pleading**

Finally, Franchisor Defendants argue that Plaintiff's claims are due to be dismissed because the Second Amended Complaint is a shotgun pleading.

Fed. R. Civ. P. 8 provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Fed. R. Civ. P. 10 provides that the complaint must "state [the plaintiff's] claims . . . in number paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests.").

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952,

955 (11th Cir. 2019) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

Franchisor Defendants contend that Plaintiff's second amended complaint is a shotgun pleading of the second variety, namely in that it is "abusively overboard" such that it fails to give them adequate notice of the claims asserted against them.

The Court disagrees. A review of the second amended complaint reveals that, for the claims that remain pending against it, Plaintiff has plausibly alleged sufficient facts such that Franchisor Defendants are on notice as to the claims against them and the conduct from which they arose. The TVPRA and the Federal Rules of Civil Procedure do not require that Plaintiff plead her claims with particularly, or any other heightened pleading standard. Accordingly, the motion to dismiss is due to be denied on this ground.

**B. Franchisee Defendant's Motion to Dismiss**

Franchisee Defendant argues that Plaintiff's claims asserted against it are due to be dismissed for failure to state a claim for which relief can be granted. The Court addresses the arguments as to each claim in turn.

**i. Plaintiff failed to state a perpetrator liability claim against Franchisee Defendant**

First, Franchisee Defendant argues that Count I is due to be dismissed because Plaintiff has filed to state a claim for perpetrator liability against it under § 1595 of the TVPRA. Under the TVPRA, an "individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator . . .." 18 U.S.C. § 1595(a). A perpetrator is "someone who . . . violated the criminal statute[.]" *Red Roof*, 21 F.4th at 724. The criminal statute imposes criminal penalties on those who knowingly take action and those who knowingly benefit from another's action. *See* 18 U.S.C. § 1591(a). The criminal statute provides:

> Whoever knowingly . . . [(1)] recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . ., or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished . . ..

18 U.S.C. § 1591(a). Plaintiff alleges that Franchisee Defendant is a perpetrator within the meaning of 18 U.S.C. § 1591(a) because it harbored Plaintiff knowingly or in reckless disregard of the facts that she would be caused to engage in commercial sex acts while at its hotel property, and because it knowingly received financial benefits by knowingly assisting, supporting, or facilitating a venture that was engaged in violations of 18 U.S.C. § 1591(a) at its hotel property. *See* Doc. 57 at 42.

Franchisee Defendant contends that Plaintiff does not allege any facts that it knowingly harbored Plaintiff for commercial sex, or identify any employee "who knowingly arranged commercial sex acts, advertised Plaintiff, collected proceeds from Plaintiff, controlled Plaintiff, restrained Plaintiff, or communicated with purchasers." Doc. 69 at 12-13. However, a review of the second amended complaint reveals that Plaintiff alleged she "would give hotel management and/or employees hush money not to report her[,]" and that "[h]otel management and/or staff spoke with Jane Doe (S.E.S.) or her trafficker about the heavy foot traffic in and out of [her] room involving men who were not hotel guests. Doc. 57 at 28.

At this early stage, Plaintiff's allegations that hotel management and/or employees accepted hush money from her and that they spoke with her or her trafficker regarding the heavy foot traffic to her room from men who were not hotel guests are sufficient to trip over the low bar that plausibility requires. Accordingly, the Court finds that Franchisee Defendant's motion to dismiss as to the perpetrator liability claim is due to be denied.

**ii. Plaintiff failed to state a beneficiary liability claim against Franchisee Defendant**

Franchisor Defendant argues that Plaintiff has failed to state a beneficiary liability claim against it because she fails to allege that Franchisor Defendant knowingly benefited from taking part in common undertaking or enterprise involving risk and potential profit, that the undertaking or enterprise violated the TVPRA as to the Plaintiff, and that it had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

For a defendant to be liable for beneficiary claim under the TVPRA a plaintiff must show that the defendant:

> (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or

> actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Red Roof*, 21 F.4th at 726. As noted above, the second element requires "something more" than merely renting rooms to the trafficker. *See Northbrook Indus*., 171 F.4th at 1269.

Here, Plaintiff has alleged that Franchisee Defendant accepted "hush money" from Plaintiff and that hotel employees/management spoke with her or her trafficker regarding the heavy foot traffic from men who were not hotel guests to her room. Franchisee Defendant even admits that the allegations against it indicate the "possibility of misconduct." *See* Doc. 69 at 15. At this early stage, Plaintiff's allegations that Franchisee Defendant accepted hush money and spoke with her or her trafficker about the heavy foot traffic in and out of her room, that her rooms were frequently paid for with cash, and that her trafficker was present with her at check in and would linger around the hotel while she was with a john, combined with the more general allegations of law enforcement activity and online reviews describing prostitution, are sufficient to plausibly allege a beneficiary claim under the TVPRA. Plaintiff is not required to plead with particularity or meet some other heightened pleading standard at this stage. Unlike the allegations against Franchisor Defendants, the allegations here amount to "something more" than merely renting rooms to Plaintiff's trafficker.

Furthermore, both the allegation that Franchisee Defendant accepted hush money from Plaintiff and the allegation that there was heavy male, non-hotel guest foot traffic in and out of Plaintiff's room, certainly indicate that Franchisee Defendant had actual or constructive knowledge of the trafficking.

Accordingly, the motion to dismiss is due to be denied on this ground.

## V. CONCLUSION

Accordingly, for the reasons stated above, Franchisee Defendant's motion to dismiss (Doc.

69) is **DENIED** and Franchisor Defendants' motion to dismiss (Doc. 60) is **GRANTED in part and DENIED in part**. Franchisor Defendants' motion to dismiss is **GRANTED** as to Count II and **DENIED** as to the remaining counts.

To be clear, the remaining claims include Counts I and II asserted against Franchisee Defendant and Count III asserted against Franchisor Defendants.

**DONE** and **ORDERED** this 23rd day of September, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE